[Civ. No. 20152.   Second Dist., Div. Three.   May 28, 1954.]

LEONARD R. JONES et al., Appellants, v. CITY OF LONG BEACH et al., Respondents.

John Sanford Todd and Ted Sullivan for Appellants.

Irving M. Smith, City Attorney, and Atlee S. Arnold, Deputy City Attorney, for Respondents.

VALLÉE, J.—Appeal by plaintiffs from a judgment which denied their petition for mandate to command defendants to terminate proceedings for annexation of territory described as ''Increment 117'' to the city of Long Beach.

Territory, which we call Parcels one and two for convenience, is entirely surrounded by the city of Long Beach, consisting largely of so-called ''shoestring strips.''  A narrow strip, part of Long Beach, separates Parcels one and two except for a distance of about half a mile where they are contiguous.   Parcels one and two, with the exception of Increment 117, are inhabited.   They are unincorporated.

Increment 117 is an area consisting of parts of Parcels one and two. It is small in area compared with the combined area of Parcels one and two. It is uninhabited. It is owned jointly by Douglas Aircraft Company and the United States. It is bounded on the north and west by Parcel one, on the south partly by Long Beach and partly by Parcel two, and on the east by Long Beach. The following very rough diagram will assist in understanding the areas involved:

This action was commenced after proceedings had been duly and regularly had for the annexation of Increment 117 to Long Beach to the point where the city council of Long Beach had a first reading of an ordinance annexing Increment 117. The annexation proceedings were had under the "Annexation of Uninhabited Territory Act of 1939." (Gov. Code, § 35300 et seq.)

The theory of plaintiffs is that annexation of Increment 117 to Long Beach would cause Parcels one and two to be completely surrounded by Long Beach contrary to section 35326 of the Government Code.

The court found that annexation of Increment 117 will not result in unincorporated territory being completely surrounded by Long Beach for the reason that all of such

unincorporated territory is, and was long prior to the institution of this proceeding, completely surrounded by Long Beach.

Section 35326 of the Government Code reads: "Territory shall not be annexed to a city pursuant to this article if, as a result of such annexation, unincorporated territory is completely surrounded by such city." The article referred to is the "Annexation of Uninhabited Territory Act of 1939." Section 35326 was added in 1951. (Stats. 1951, ch. 1702, § 6.)

Plaintiffs state the question thus: "Are annexation proceedings of uninhabited territory void under Section 35326 of the Government Code where unincorporated territory was already completely surrounded by a city and as the result of the annexation of said city of uninhabited territory, said unincorporated territory is divided into two separate parcels of unincorporated territory, each completely surrounded by the City and separated from each other?" They argue that whether unincorporated territory was already surrounded by a city is immaterial because if the annexation of a part of the unincorporated territory will result in its being cut into two new smaller pieces, each completely surrounded by the city, then both parts considered separately have been completely surrounded by the city in violation of section 35326.

It is conceded that the territory in question, Parcels one and two. and Increment 117, was many years ago by antecedent annexation proceedings completely surrounded by Long Beach. Plaintiffs' argument ignores the words "as a result of such annexation" in section 35326. Parcels one and two will not be completely surrounded by Long Beach "as a result" of the annexation of Increment 117. They were completely surrounded by Long Beach as a result of the prior, valid, annexation proceedings. What the section interdicts is annexation to a city the result of which would be the complete surrounding of unincorporated territory. Increment 117 is just a small part of Parcels one and two. Separating it from those parcels does not now result in their being completely surrounded by Long Beach. They were completely surrounded by Long Beach before such separation. The fact that annexation of Increment 117 to Long Beach makes Parcels one and two noncontiguous does not affect the question. If plaintiffs' contention were sustained, there would be no means of annexing a part of territory as large as Parcels one and two and Increment 117 if such territory

were completely surrounded by a city. It might well be that, due to the size of the territory, as in the case at bar, part thereof would be inhabited and part uninhabited so that both the inhabited and the uninhabited territories could not be annexed in one proceeding. The law provides one type of proceeding for the annexation of inhabited territory to a city (Annexation Act of 1913, Gov. Code, §§ 35100-35158), and a separate and distinct type of proceeding for annexation of uninhabited territory to a city. (Annexation of Uninhabited Territory Act of 1939, Gov. Code, §§35300-35326.) Section 35326 does not forbid annexation of a part of territory to a city which is already completely surrounded by such city.

Our conclusion makes it unnecessary to consider defendants' point that plaintiffs are not proper parties to obtain the relief sought.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.